IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SARAH L. HUMPHRIES, ADMINISTRATRIX
OF THE ESTATE OF FRANK LEONARD AHNE, JR.,
DECEASED                                                                                    PLAINTIFF

VS.                                          4:12-CV-00203-BRW

METROPOLITAN LIFE INSURANCE COMPANY                                 DEFENDANT

<u>ORDER</u>

Pending is Defendant's Motion to Dismiss (Doc. No. 21). Plaintiff has responded[1] and

Defendant has replied.[2]  For the reasons stated below, Metropolitan's Motion to Dismiss is

DENIED in part and GRANTED in part.

## I.  BACKGROUND

Defendant Metropolitan Life Insurance Company ("Metropolitan") issued two whole-life

insurance policies[3] to Frank Leonard Ahne, Jr. ("Ahne").[4]  On July 14, 2011, shortly before

Ahne's death, he surrendered the two policies to Metropolitan in exchange for their cash value.[5]

Metropolitan then cancelled the policies.  Plaintiff Sarah Humphries, administratrix of Ahne's

estate ("Plaintiff"), contends that the surrender of the policies is void because Ahne's physical

and mental state rendered him incapacitated.  According to Plaintiff's Complaint, in the months

---

[1]Doc. No. 23.

[2]Doc. No. 27.

[3]The first policy, Policy No. 900-738-396-A, was in the amount of $50,000.00 and was
purchased on July 2, 1990.  The second policy, Policy No. 952-604023-A, was in the amount of
$100,000.00 and was purchased on February 2, 1995.

[4]Doc. 19.

[5]*Id.*

leading to Ahne's death he "suffered from severe mental and physical infirmity and was in a weakened mental and physical state due to his multiple illnesses and from taking medication prescribed to him by his doctor for pain management."[6]

Plaintiff also contends that Metropolitan should not have accepted the surrender of the policies without inquiry into the mental state of Ahne because Metropolitan was aware that Ahne lacked the capacity to surrender the policies. Plaintiff's Complaint states that "Metropolitan was in contract with Ahne during June and July 2011[,]" and "became aware of Ahne's condition and diminished physical and mental capacity."[7] Plaintiff's causes of action include: breach of the implied duty of good faith; negligence; breach of contract; deceit; and unjust enrichment.

## II.  LEGAL STANDARD

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[8] All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[9] A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."[10] A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[11] "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the

---

[6]*Id.*

[7]*Id.*

[8]*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[9]*Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[10]*Schmedding v. Tnemec Co. Inc.*,187 F.3d 862, 864 (8th Cir. 1999).

[11]*Id.* (quoting Fed. R. Civ. P. 8(a)).

complaint."[12]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do."[13]

Under the *Twombly* "plausibility standard," the allegations in Plaintiffs' Complaint must

be evaluated to determine whether they contain facts sufficient to "nudge[] [his] claims across

the line from conceivable to plausible."[14]

## III.  DISCUSSION

### A.  Breach of the Implied Duty of Good Faith

Plaintiff labeled her first cause of action as breach of the implied duty of good faith.[15]

The exact cause of action is unclear, however, because it appears that Plaintiff contends

Metropolitan breached the duty of good faith and therefore committed the tort of bad faith.  The

distinction between a cause of action based on the tort of bad faith and one based on a breach of

the duty of good faith is critical.  The Arkansas Supreme Court has made it clear that no cause of

action will lie for a breach of the duty of good faith.[16]  Arkansas does, however, recognize the

tort of bad faith.

---

[12]*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (overruling language from *Conley v. Gibson,* 78 S. Ct. 99, 102 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

[13]*Id.* at 1964-65 (citations omitted).

[14]*Id.* at 1974.

[15]Doc. No. 19.

[16]*Arkansas Research Medical Testing, LLC v. Osborne*, 2011 Ark. 158, *4-6 (Ark. April 14, 2011).

The standard of establishing a claim for bad faith is rigorous.[17]  To state a claim for bad faith, one must allege that the defendant engaged in affirmative misconduct that was dishonest, malicious, or oppressive.[18]  Bad faith has been defined as misconduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge.[19]  Negligence or bad judgment is insufficient to establish bad faith.[20]

Plaintiff appears to contend that Metropolitan engaged in affirmative, dishonest conduct by misrepresenting to Ahne that he could surrender the policies in spite of his alleged incapacity and also by accepting the surrender when it knew Ahne lacked the capacity to surrender the policies.[21]  Plaintiff's Complaint, however, fails to meet the rigorous and difficult standard for establishing a claim of bad faith.  Specifically, it fails to state who made statements to Ahne regarding surrendering the policies or what those alleged statements were or establish bad faith. Under the plausibility standard in *Twombly*, Plaintiff's bad faith claim fails to establish sufficient grounds of relief.

### B.  Negligence

Plaintiff next contends that "Metropolitan was negligent in its performance of its good faith duty" when it accepted Ahne's surrender of the policies, knowing of "Ahne's debilitated

---

[17]*Unum Life Ins. Co. of America v. Edwards*, 362 Ark. 624, 627 (2005).

[18]*Id.*

[19]*Id.*

[20]*Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, 429 (2002).

[21]Doc. No. 19.

state[.]"[22]  In Arkansas, to establish a claim of negligence a plaintiff must show a duty was owed

by the defendant to the plaintiff, a breach of that duty by the defendant that caused the plaintiff

injury, and the plaintiff was actually injured.[23]  As set forth above, no cause of action exists for

Metropolitan's asserted breach of the implied duty of good faith.[24]  Additionally, Plaintiff

contends in its Response that Metropolitan was negligent when it "made significant

misrepresentations by informing Ahne that he was able to surrender the policy in his

incompetent state and then allowed him to do so."[25]  But, as with Plaintiff's breach of good faith

claim, Arkansas does not recognize the tort of negligent misrepresentation between contracting

parties.[26]  Accordingly, Plaintiff has failed to state a cause of action upon which relief may be

granted.

### C.  Breach of Contract

Under Arkansas law, "in order to state a cause of action for breach of contract, the

complaint need only assert the existence of a valid and enforceable contract between the plaintiff

and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages

resulting to plaintiff from the breach."[27]  Plaintiff's Complaint identifies two contracts entered

into between the parties: (1) whole life insurance policy no. 900-738-396-A and (2) whole life

---

[22]*Id.*

[23]*Wagner v. General Motors Corp.*, 370 Ark. 268, 272-73 (2007).

[24]See *Osborne*, 2011 Ark. at *4-6.

[25]Doc. No. 23.

[26]See *Curtis Lumber Co., Inc. v. Louisiana Pacific Corp.*, 618 F.3d 762, 774-75 (8th Cir. 2010); *South County, Inc. V. First Western Loan Co.*, 315 Ark. 722, 725 (1994).

[27]*Perry v. Baptist Health*, 358 Ark. 238, 245 (2004).

insurance policy no. 952-604023-A.[28]  Plaintiff maintains that under the contracts Metropolitan

had a duty to provide notice to Ahne 31 days before terminating the policies. Plaintiff contends

Metropolitan breached that duty by accepting Ahne's surrender of the policies and them

cancelling them without providing the allegedly required notice.  Finally, Plaintiff asserts that

Metropolitan's failure to give notice and termination of the policies damaged Plaintiff in the

amount of the difference between the full value of the policies and the surrender price Ahne

received.

Metropolitan contends that the 31-day notice provision in the policies is inapplicable to a

surrender of the policies. Plaintiff disagrees.  Each of the policies contains the following

provision regarding policy termination:

> Your policy will end whenever the amount of your policy loan plus
> loan interest is more than the sum of:
>
> 1. The guaranteed cash value;
> 2. The cash value of any insurance bought with dividends; and
> 3. Any dividends left with us to earn interest.
>
> We will mail notice to you at least 31 days before termination. We
> will also mail notice to any assignee on our records.[29]

The policies, however, do not address notice regarding a surrender of the policies.

Plaintiff maintains that the provisions of the policies must be strictly construed against the

drafter, Metropolitan, and the absence of any policy provision outlining the requisite notice for

surrender evidences the 31-day notice period is applicable to surrender of the policies.

Accepting these facts as true and viewing them in a light most favorable to the Plaintiff, I am

---

[28]Doc. No. 19.

[29]Doc. No. 2, Exhibits A and B.

persuaded that under *Twombly* Plaintiff's claim is sufficiently pled to survive Metropolitan's Motion to Dismiss.

### D.  Deceit

To plead a cause of action for deceit,[30] "[a plaintiff] must prove the existence of the following elements: (1) a false representation, usually of a material fact, (2) knowledge or belief by the defendant that the representation is false, (3) intent to induce reliance on the part of the plaintiff, (4) justifiable reliance by the plaintiff, and (5) resulting damage to the plaintiff."[31] Also, deceit must be plead specifically enough to answer the "who, what, where, when, and how" of the alleged deceit.[32]  This high degree of notice "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations."[33]

Plaintiff contends that Metropolitan committed deceit when "in June and July of [2011], Metropolitan falsely represented to Ahne that it could accept Ahne's consent to surrender the Policies[.]"[34] According to Plaintiff:  (1) these statements were false representations because Ahne could not surrender the policies due to his incapacity; (2) Metropolitan knew that these statements were false and Ahne lacked the capacity to surrender the policies; (3) Metropolitan intended to take advantage of Ahne's mental state by having the policies surrendered for

---

[30]See *Allen v. Allison*, 356 Ark. 403 (2004) (Under Arkansas law, the elements of fraud and deceit are the same).

[31]*Hames v. Cravens*, 332 Ark. 437, 443 (1998).

[32]*Drobnak v. Anderson Corp.*, 561 F.3d 778, 783 (8th Cir. 2010) ("[T]he complaint must allege 'such matters as the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'") (internal citations omitted).

[33]*Id.*

[34]Doc. No. 19.

"approximately 5% of [their] face value[;]" (4) Ahne, in reliance on Metropolitan's statements, surrendered the policies; and (5) Ahne was damaged by not receiving the pay-on-death value of the policies.  Plaintiff's Complaint, however, fails to set forth the elements of deceit with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.  Specifically, it fails to state who made the statements to Ahne, exactly what statements were made, or where and how these statements where made.  As for when the statements where made, the only details Plaintiff provided was "in June and July of [2011]."[35] Plaintiff's allegation of deceit does not meet Rule 9(b)'s standards.

### E.  Unjust Enrichment

Under Arkansas law, "an action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain."[36]  "There must also be some operative act, intent, or situation to make the enrichment unjust and compensable."[37]  A party who is free from fault cannot have been unjustly enriched only because he chose to exercise a legal right.[38]  While it is true that an express contract cannot be skirted by a claim of unjust enrichment,[39] "where an express contract does not exist, is void, or does not provide an answer[,]" a claim for unjust enrichment may be asserted.[40]

---

[35]*Id.*

[36]*Merchants & Planters Bank & Trust Co. v. Massey*, 302 Ark. 421, 424 (1990) (citing *Frigillana v. Frigillana*, 266 Ark. 296 (1979)).

[37]*Hatchell v. Wren*, 363 Ark. 107, 117 (2005).

[38]*Id.*

[39]*Hall Contracting Corp. v. Entergy Services, Inc.*, 309 F.3d 468 (8th Cir. 2002).

[40]*Campbell v. Asbury Automotive, Inc.*, 2011 Ark. 157, *23 (Ark. April 14, 2011).

Plaintiff's Complaint appears to base its unjust enrichment claim on the surrender agreement between Metropolitan and Ahne.[41]  Plaintiff contends the surrender agreement is void because Ahne lacked the capacity to enter into the agreement, and therefore, Metropolitan was unjustly enriched when it avoided its obligation to pay under the policies by accepting Ahne's surrender in exchange for 5% of the policies' face value.  Because Plaintiff alleges that Ahne's agreement to surrender the policies is void based on lack of capacity, and considering that I must consider all factual allegations in the amended complaint as true, Plaintiff's unjust enrichment claim is sufficiently pled to survive Metropolitan's Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Defendant's Motion is GRANTED as to Plaintiff's first cause of action – breach of the implied duty of good faith, second cause of action – negligence, and fourth cause of action – deceit; those claims are dismissed without prejudice.  Defendant's Motion is DENIED as to Plaintiff's third cause of action – breach of contract and fifth cause of action – unjust enrichment; those claims remain.

IT IS SO ORDERED this 15th day of August, 2012.


/s/  Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[41]Doc. No. 19.